J. A. MORGAN and Myra S. Morgan, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1521.

United States District Court
S. D. Mississippi,
Hattiesburg Division.

Sept. 8, 1964.

William E. Logan, Stanford Morse, Gulfport, Miss., for plaintiffs.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

This is a suit by the plaintiffs to recover income taxes back assessed on April 18, 1957, against them by the defendant for the year 1954. The case is here on remand from the decision of this Circuit reported in United States of America, Appellant v. Morgan and Morgan, Appellees, 321 F.2d 781. There has ensued a trial of this case on its merits for a determination of the questions projected in that opinion.

## FINDING OF FACTS

On December 23, 1963, Mrs. Cora Suggs, et al, executed to J. A. Morgan, a printed form Oil, Gas and Mineral Lease embracing three hundred fifty-seven acres of land in Smith County, Mississippi, for a primary term of ten years. On December 23, 1953, Morgan assigned that lease to E. A. Vaughey for a primary term of five years, unless extended by the extra terms of such lease and providing for a reversion of such absolute conveyance under certain circumstances not material here. Consideration for that assignment is recited as being ten dollars and other valuable considerations paid. On the same date, said E. A. Vaughey for a recited consideration of ten dollars and other valuable considerations paid, did sell, set over, transfer, assign and specially warrant to J. A. Morgan one-sixteenth of eight-eighths of all oil, gas and other minerals produced from said land until said assignee or his assigns received ten million dollars. The instrument provided that if Vaughey produced two wells producing oil in commercial quantities, that after he received his drilling cost, plus the seventy-one thousand four hundred dollars cash bonus paid for the execution of the lease, plus all operating costs that the interest of the assignee in the first two wells should be increased by one-eighth of eight-eighths of such oil, gas and other minerals pro-duced and saved or marketed from the leased premises. Four wells were ultimately produced on said tract by Vaughey. The production experience was disappointing to him. He has since pooled the properties with other lands. The Court of Appeals propounded two questions for this Court to decide in connection with a determination as to whether this payment of seventy-one thousand four hundred dollars to Morgan should be treated as a royalty and be taxed as ordinary income; or be treated as an oil payment as it is characterized and taxed as a long term capital gain.

When these instruments were executed by and to the taxpayer there was no oil production on any land within about two and one-half miles of this tract. It was near a newly discovered SOSO field which was a very significant oil discovery in Mississippi and furnished some oil men with very optimistic ideas as to its importance, production wise. Morgan thought that this tract was probably over a high point in the dome in this production area, but there were no known facts about that matter. He thought that nine wells could be drilled on the tract. He declined to answer a request from the defendant under the rule as to whether or not at such time it was reasonable to expect that ten million dollars would ever be paid during the life of the lease under this assignment from Vaughey which the instrument characterizes as an oil payment. He testified that this payout was not an impossibility of expectation. Vaughey testified substantially to the same effect. The fixation of this amount must be viewed as a method or procedure devised by Morgan to assure him beyond any doubt that he would participate in every gallon of oil produced from this land as long as this lease existed and as long as such wells continued to produce. The geological data testified to in this case satisfies the Court that it would have been absolutely unreasonable for Morgan to have expected oil payments to have been earned and paid to him and his assigns in such amount within the life of

the lease on said land. He made no such estimate and had no real reasonable expectation thereof. He knew the tax consequences involved and diligently tried (with every propriety) to constitute this income as an oil payment and not an overriding royalty, but his purpose was defeated by the effect of using the unreasonable ten million dollar figure under the circumstances here. Significantly, Vaughey never treated that figure seriously as an oil payment and never kept track of the payments as such on his records of production. The greater weight of the more convincing evidence in this case convinces the Court, and it so finds that the seventy-one thousand four hundred dollar income item in dispute was in truth and in fact an overriding royalty. Cf: Anderson v. Helvering, 310 U.S. 404, 409, 410, 60 S.Ct. 952, 84 L.Ed. 1277.

The assignment of the oil and gas lease to Vaughey reserved and excepted certain reversionary interests therein to Morgan. It was not an absolute assignment of the entire leasehold estate. It may well be doubted that the conveyance to Vaughey was a sale and not a sublease (Cf: Senter v. Propst, 190 Miss. 190, 197 So. 100) but that question need not be and is not decided.

## CONCLUSIONS OF LAW

The decision of the United States Court of Appeals for the Fifth Circuit in this case (as reported in 321 F.2d 781) constitutes the law of this case.

Even though the parties to the instruments both intended to carve out of this sale rights to the taxpayer which would accord him Federal income tax advantages from oil payments to be made from production on this land, still the transaction must be viewed objectively from a view of the geological facts and economic circumstances extant in the area at the time. Both questions posed by the Court of Appeals must be answered in the negative. It simply was not reasonable that on July 24, 1954, that anybody could have reasonably expected the sum of $10,000,000 to be paid before

the expiration of the lease, and Morgan never actually expected it. So viewed, it is the inescapable conclusion as a matter of law that this income must be treated for tax purposes as an advancement to the taxpayer against an overriding royalty interest being paid by Vaughey to Morgan for said lease in 1954. Hogan v. Commissioner of Internal Revenue, (5CA) 141 F.2d 92. The taxpayer erroneously treated the items as entitled to long term capital gains treatment. The defendant back-assessed the plaintiffs on their 1954 returns for the amount in suit ($8,805.94) as the difference between the amount which the taxpayers owed and that which they paid with said erroneous return. The claim of the plaintiffs is, therefore, without merit. A judgment dismissing the complaint at the cost of the plaintiffs may be presented for entry.